IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| DAVID A. SCHNUR AND SCHNUR ENTERPRISES, | ) ) ) | |
| Defendants. | ) ) | |

The Plaintiff, Union Pacific Railroad Company, for its cause of action against the defendants, states and alleges as follows:

## PARTIES

1. The Plaintiff, Union Pacific Railroad Company ("Union Pacific"), is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located in Omaha, Nebraska. Union Pacific operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board.

2. David A. Schnur (Schnur) is an individual who resides at 515 South 5th Street Elkville, Illinois. Upon information and belief, Schnur Enterprises is an Illinois transportation company with its principal business located at 515 South 5th Street Elkville, Illinois. Both parties may be served by delivering service of process at the same address.

## JURISDICTION AND VENUE

3. Paragraphs 1 and 2 of this Complaint are incorporated as if fully set forth herein.

4. This Court has jurisdiction of this matter pursuant 28 U.S.C. § 1332(a) in that there is complete diversity of the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. Venue of this action is appropriate in the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §§ 1391(b)(1) and/or (2), in that the Defendants resides in the District and/or a substantial part of the events or omissions giving rise to the claim occurred in the District.

## FACTS

6. Paragraphs 1 through 5 of this Complaint are incorporated as if fully set forth herein.

7. Union Pacific is a Class I Railroad which transports goods and supplies for customers throughout the central and western part of the United States.

8. On January 25, 2012, at approximately 9:15 a.m., Schnur was driving a 2001 Freightliner Long Conventional tractor and semi trailer (Truck), traveling northbound on Water Street approaching the railroad crossing at the intersection of Water and Mill Streets in Chester, Randolph County, Illinois. At the same time Union Pacific Train MLIKS-23, with lead locomotive UP 4578, was traveling northbound towards the same crossing on the Chester Subdivision at Mile Post 63.46.

9. During the course of Schnur's operation of the Truck, he attempted to cross the railroad crossing without stopping, slowing or yielding the right-of-way to Union Pacific Train MLKIS-23. At the time he attempted to traverse the crossing, the horn in lead locomotive UP 4578 was being sounded by the Engineer. In addition, the lights at the crossing were flashing placing Schnur on notice of the oncoming train. A collision then occurred between Union Pacific Train MLKIS-23 and the Truck. As a result of the collision, the Truck struck Union Pacific's signal cabinet.

10. Schnur was cited for failure to yield the right-of-way. Upon information and belief, Schnur paid the citation.

11. At all times material to this action, Schnur was acting in the course and scope of his employment with Schnur Enterprises or as Schnur Enterprises' agent. As a result, Schnur Enterprises is vicariously liable for any acts or omissions on the part of Schnur under the doctrine of *respondeat superior*. At all times material to this action and upon information and belief, Schnur Enterprises was the owner of the truck being operated by Schnur and is vicariously liable for the acts or omissions on Schnur's part.

## COUNT I: NEGLIGENCE

12. Paragraphs 1 through 11 of this Complaint are incorporated as if fully set forth herein.

13. Schnur owed a duty to exercise reasonable care in operating the Truck as a reasonably prudent person under like or similar circumstances.

14. Schnur failed to operate the Truck as a reasonably prudent person under like or similar circumstances and was negligent in operating the vehicle on January 25, 2012, in the following particulars:

    a. Failing to yield the right-of-way;

    b. Failing to maintain a proper lookout;

    c. Failing to maintain reasonable control over the Truck;

    d. Failing to stop and/or remain stopped at the crossing;

    e. Failing to exercise reasonable care in crossing the railroad tracks; and

    f. Failing to operate the vehicle in a reasonable manner under the conditions then and there existing.

15. The negligence of Schnur was the proximate cause of the collision between the vehicle and Union Pacific's property.

16.     As a direct proximate cause of Schnur's negligence, Union Pacific sustained damages totaling ONE HUNDRED SEVEN THOUSAND TWO HUNDRED AND SIXTY-THREE DOLLARS AND ELEVEN CENTS ($107,263.11).

## COUNT II: NEGLIGENCE *PER SE*

17.     Paragraphs 1 through 16 of this Complaint are incorporated as if fully set forth herein.

18.     Schnur had a statutory duty of care to exercise reasonable care in the operation of the Truck and abide by traffic laws.

19.     Schnur breached his statutory duty of care in operating the Truck and failed to do so by failing to honor the crossing signal and yield the right-of-way to Union Pacific Train MLKIS-23.

20.     The law was intended to prevent the kind of harm and damage suffered by Union Pacific and Union Pacific is in the class of persons for whose protection the law was adopted.

21.     As a direct and proximate cause of Schnur's breach of statutory duty and the following collision, Union Pacific sustained damages totaling ONE HUNDRED SEVEN THOUSAND TWO HUNDRED AND SIXTY-THREE DOLLARS AND ELEVEN CENTS ($107,263.11).

## DEMAND FOR JURY TRIAL

22.     Plaintiff, pursuant to Fed. R. Civ. P. 38, demands a trial by jury on all issues so triable.

WHEREFORE Union Pacific hereby prays for a judgment of this Court in its favor and against Defendants for its special damages totaling ONE HUNDRED SEVEN THOUSAND TWO HUNDRED AND SIXTY-THREE DOLLARS AND ELEVEN CENTS ($107,263.11), pre-judgment and post-judgment interest, its costs incurred in prosecuting this action, plus exemplary damages and such other reasonable sums as this Court deems just and equitable.

DATED this 13th day of April, 2014.

          Respectfully submitted,

          THOMPSON COBURN LLP


          By   /s/ Kristine H. Weingart
             Nicholas J. Lamb, IL – 06195388
             Kristine H. Weingart, IL - 6271727
             One US Bank Plaza
             St. Louis, Missouri  63101
             314-552-6000
             FAX 314-552-7000
             nlamb@thompsoncoburn.com
             kbridges@thompsoncoburn.com

          Attorney for Plaintiff
          Union Pacific Railroad Company